IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RAY D. TRAMMELL                                                                   PLAINTIFF

V.                                      NO. 09-4015

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Ray D. Trammell, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner), denying his claim for disability insurance benefits under Title II of the Social Security Act (the Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**Procedural Background**

Plaintiff applied for disability insurance benefits on October 13, 2004, alleging a disability onset date of March 1, 2004. Plaintiff's application was denied initially, on reconsideration and by the Administrative Law Judge (ALJ) on November 3, 2007. (Tr. 197-206). Plaintiff protectively filed subsequent applications for disability insurance benefits and supplemental security income payments on November 8, 2007, alleging disability since September 8, 2004. On April 30, 2008, the Appeals Council remanded the decision on the first application to the ALJ for further proceedings. (Tr. 207-210). After remand, the ALJ combined Plaintiff's October 13, 2004 and November 8, 2007 applications for consideration, and a hearing was held before the ALJ on July 9, 2008, where Plaintiff, two of his friends and a Vocational Expert (VE) testified. (Tr. 504-539). On

September 22, 2008, the ALJ issued an unfavorable decision. (Tr. 14-25). In his decision, the ALJ found that Plaintiff had severe impairments due to depression and chronic cervical and back pain, but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 17). The ALJ further found that Plaintiff had the Residual Functional Capacity (RFC) to perform light work with restrictions, and, relying on VE testimony, found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as first aid attendant and admissions clerks/claims clerks. (Tr. 18, 24). Accordingly, the ALJ found that Plaintiff was not under a disability at any time from March 1, 2004, the alleged onset date, through September 22, 2008, the date of the ALJ's decision. (Tr. 25). On February 18, 2009, the Appeals Council denied Plaintiff's request for review (Tr. 6-8).

**Evidence Presented**

Plaintiff was born in 1959, completed high school and received his Associates Degree in Applied Science and Health Science. (Tr. 508). He was a registered respiratory therapist, and worked in that capacity for twenty-eight years. (Tr. 509). Plaintiff began reporting problems with severe low back and leg pain as early as 1996. (Tr. 296). Such pain continued over the next several years, with exacerbation of the pain occurring in 2000, when he fell while working at Wadley Regional Medical Center. (Tr. 438). When he fell, he slipped and landed on the left side of his neck and had what was later classified as a CVA (cerebrovascular accident). (Tr. 517). He stated that he lost about 70 percent of his peripheral vision in the left eye. (Tr. 517). He further stated that his eye drooped over his pupil, he had a lot of pain, and was sensitive to sunlight or bright light. (Tr. 517). He stated that he sometimes had slurred speech, his entire left side was weak, his left arm and leg tingled most of the time and he did not have the grip he used to have. (Tr. 518). The doctor did not

recommend surgery on his neck or back because there would be a 50/50 chance he would be in a wheelchair. Plaintiff contended that he continued to suffer from neck and back pain, as well as depression, while working as a respiratory therapist between 2000 and 2004, and finally quit his job on September 8, 2004, because he had come to the point that he no longer could maintain the position, physically or emotionally. (Tr. 510).

In its remand order dated April 30, 2008, the Appeals Council directed the ALJ: to give further consideration to the examining source and non-examining source opinions and to explain the weight given to such opinion evidence; to obtain additional evidence concerning Plaintiff's depression; to further evaluate the Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations; to evaluate Plaintiff's mental impairment in accordance with the special technique described in 20 CFR 404.1520a; to obtain evidence, if necessary, from a medical expert to clarify the nature, course and severity of Plaintiff's impairments; to give further consideration to Plaintiff's maximum RFC and provide appropriate rationale with specific references to evidence of record; to further evaluate Plaintiff's past relevant work; and to obtain evidence from a VE to clarify the effect of the assessed limitations on the Plaintiff's occupational base. (Tr. 209-210).

On the same date of the Appeals Council's remand order, April 30, 2008, two MRI's were done of Plaintiff's cervical spine and lumbar spine at St. Michael Imaging Center. (Tr. 155-156, 157-160). The results of both indicate as follows:

> <u>Cervical Spine MRI without contrast</u> - The cord appears of normal size and signal intensity. Cervicomedullary junction structures are unremarkable in their appearance. Disk space heights are maintained with some desiccation of the cervical disks seen. Axial sequences demonstrate at the following levels:

    C2-3-unremarkable.

    C3-4 : Small central disk bulge/osteophyte complex slightly effaces the thecal sac anteriorly.

    C4-5: Small left posterolateral disk bulge/osteophyte complex slightly narrows the inferior portions of the neural foramen.

    C5-6 and C6-7: Mild annulus bulging without canal stenosis or foraminal narrowing.

    C7-T1: Unremarkable.

    Impression: 1.  Mild multilevel degenerative changes of the cervical spine as described.

    <u>Lumbar spine MRI without contrast</u>- Cord is of normal size and signal intensity with conus present at the T12-L1 level.  There is moderate disk space narrowing at the L5-S1 level.  There is some desiccation of the lumbar disks seen predominantly at L4-5 and the L5-S1 levels.  No marrow infiltrative processes demonstrated.  Vertebral body hemangioma is seen within the first sacral segment right of midline.

    Axial sequences demonstrate at the following levels:

    T12-L1 through L2-3: unremarkable.

    L3-4: Small posterolateral disk bulge/osteophyte complex seen on the left minimally narrowing the neural foramen.

    L4-5: Mild facet and ligamentous hypertrophy with small broad-based disk bulge/osteophyte complex exists.  Mild narrowing of the inferior portions of both neural forament with mild canal stenosis seen.

    L5-L1: Moderate sized central disk bulge/osteophyte complex slightly effaces the thecal sac anteriorly.  Hypertrophic degenerative changes are present within the facets.  Moderate right and mild left neural foraminal narrowing with mild canal stenosis is seen.

    Impression: 1.  Multilevel degenerative changes of the lumbar spine as described.

(Tr. 155-158).

    The ALJ entered his unfavorable decision on September 22, 2008, and the most recent Physical RFC Assessment was dated February 14, 2008, prior to the date the most recent MRI"s were performed.  There is nothing in the record to indicate that any physician, examining or non-examining, treating or non-treating, evaluated the recent MRI's for purposes of determining Plaintiff's RFC.  Instead, the ALJ merely recited the fact that such MRI's were performed.  The ALJ may not draw upon his own inferences from medical reports.  <u>Nevland v. Apfel</u>, 204 F.3d 853, 858

(8th Cir. 2000).

Based upon the facts described above, the court finds it appropriate to remand this matter to the ALJ, with instructions to obtain a Physical RFC Assessment from a physician who should be provided with the most recent MRI's of Plaintiff's cervical and lumbar spine. Thereafter, the ALJ is directed to make a determination of Plaintiff's RFC in light of the newly obtained Physical RFC assessment.

The court also notes that Plaintiff filed a Motion to Supplement the Record. No response to the motion was filed by Defendant. Based upon the court's opinion reversing and remanding this matter, the Motion to Supplement the Record is hereby moot.

**Conclusion**

Based upon the foregoing, the undersigned reverses the decision of the ALJ and remands this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 18th day of February, 2010.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE