IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RAY D. TRAMMELL                                                                                    PLAINTIFF

V.                                          NO. 09-4015

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                          DEFENDANT

**O R D E R**

Plaintiff, Ray D. Trammell, appealed the Commissioner's denial of benefits to this court. On February 18, 2010, a Judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc. #13). Plaintiff now moves for an award of $1,428.00 in attorney's fees under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 10.2 hours of work before the court at an hourly rate of $140.00 per hour. (Doc. #14). Defendant filed a response, stating that he did not have any objections to the requested award of fees. (Doc. #16).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the court finds that Plaintiff is a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of

the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. §406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. §406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits, does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

Meyers v. Heckler, 625 F. Supp. 228, 231 (S.D. Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. Id. See also, Cornella v. Schweiker, 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480

(W.D. Ark. Dec. 1, 2009); See Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award."). The Contract with America Advancement Act of 1996, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. See 28 U.S.C. § 2412(d)(2)(A).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $140.00, for 10.2 hours, which he asserts he devoted to the representation of Plaintiff in this court. The party seeking attorney's fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437.

Attorney's fees may not be awarded in excess of $125 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index.

Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit.

The court finds that the requested hourly rate of $140.00 is appropriate. The court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

The court has considered the appropriate factors set forth in Hensley. Counsel for the Plaintiff is an experienced attorney in social security matters, and although the transcript in this case exceeded five hundred pages, the questions involved were not unduly complicated. After considering the relevant factors in Hensley, as well as the facts in the present case, the court finds that the following time submitted by Plaintiff's counsel is excessive and should be reduced as indicated below.[1]

Plaintiff's counsel seeks .60 hours for certified mail process receipt and return of service of complaints, done on March 11, 2009; .30 hours for filing of affidavit of completed service, done on March 31, 2009; .30 hours for electronic filing of brief/transmittal letter to client, done on June 1, 2009; and .30 hours for electronic filing of brief/transmittal letter to client, done on December 2, 2009. These activities could have been completed by support staff and are not compensable under the EAJA. Granville House, Inc. V. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987). The amount of 1.5 hours will therefore be deducted.

---

[1] Plaintiff's counsel seeks 2.7 hours for preparation of the Complaint, transmittal letters, civil cover sheet and Affidavit to Proceed without Prepayment of Fees on March 6, 2009. Although Plaintiff's counsel did not include in his entry that time was spent reviewing the transcript, which was over five hundred pages in length, the court will nevertheless consider such time as included in this entry. Accordingly, the 2.7 hours is approved.

Plaintiff's counsel seeks .30 hours for review and execution of notice of availability of U.S. Magistrate Judge to exercise jurisdiction, done on March 11, 2009. In light of the experience, skill and abilities of Plaintiff's counsel, this activity should not have taken more than .20 hours and the amount will therefore be reduced by .10 hours.

Plaintiff's counsel seeks .50 hours for preparation of affidavit of completed service, done on March 31, 2009. This activity should not have taken more than .25 hours. This amount will therefore be reduced by .25 hours.

Plaintiff's counsel seeks .40 hours for review of the Answer filed by defendant. The Answer was two and one-half pages in length, and this activity should have taken no more than .10 hours. This amount will be reduced by .30 hours.

Plaintiff's counsel seeks 2.6 hours for preparation of the appeal brief. The brief was five pages in length. This activity should have taken no more than 1.5 hours. This amount will be reduced by 1.1 hours.

Plaintiff's counsel seeks .60 hours for preparation of the motion to supplement the brief to include the Consumer Price Index in support of his motion. The motion is one page in length and the exhibit was one hundred pages long. This should have taken no more than .30 hours. This amount will be reduced by .30 hours.

Based upon the foregoing, the court finds that Plaintiff's counsel is entitled to compensation under the EAJA for 6.65 hours (10.2 minus 3.55 hours) at a rate of $140.00 per hour, for a total attorney's fee award of $931.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be paid directly to Plaintiff's counsel. Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, 130

S. Ct. 48 (2009).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 17th day of March 2010.


*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE